JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *JOrr@GGTrialLaw.com*

Attorneys for Plaintiff
Ashley Torres

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASHLEY TORRES, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(1)  DISCRIMINATION (N.R.S. § 613.330);** |
| FULCRUM, INC., a Maryland corporation, | **(2)  DISCRIMINATION (42 U.S.C. § 2000e *et seq.*);** |
| Defendant. | **(3)  HARASSMENT (N.R.S. § 613.330);** |
| | **(4)  HARASSMENT (42 U.S.C. § 2000e *et seq.*);** |
| | **(5)  DISCRIMINATION IN VIOLATION OF THE PWFA;** |
| | **(6)  FAILURE TO ACCOMMODATE IN VIOLATION OF THE PWFA;** |
| | **(7)  RETALIATION IN VIOLATION OF THE PWFA;** |
| | **(8)  DISCRIMINATION IN VIOLATION OF THE NEVADA PWFA;** |
| | **(9)  FAILURE TO ACCOMMODATE IN VIOLATION OF THE NEVADA** |

-1-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

PWFA;

**(10) FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE NEVADA PWFA;**

**(11) RETALIATION IN VIOLATION OF THE NEVADA PWFA.**

**DEMAND FOR JURY TRIAL**

Plaintiff Ashley Torres ("Plaintiff" or "Ms. Torres") alleges as follows:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. 2000gg *et seq.*

2. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

### NATURE OF THE ACTION

4. Ms. Torres began working for Fulcrum as a Licensed Sales Professional in May 2025. As her pregnancy and need for lactation accommodations became known, Ms. Torres was subjected to targeted, demeaning conduct by her supervisor. On or about August 19, 2025, Ms. Torres formally requested a reasonable accommodation for her pregnancy-related condition, which Fulcrum denied without engaging in any interactive process. Just six days later, on or about August 25, 2025, Fulcrum terminated her employment on a false and pretextual basis. In reality, Defendants wrongfully terminated Ms. Torres in discrimination based on her sex and pregnancy and in retaliation for her protected activity of requesting a reasonable accommodation for her pregnancy.

/ / /

-2-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PARTIES**

5.     Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

6.     Defendant Fulcrum, Inc. ("Fulcrum") is a Maryland corporation that conducts business in Clark County.

**FACTUAL ALLEGATIONS**

7.     On or about May 30, 2025, Ms. Torres began working as a sale manager for Fulcrum.

8.     As her pregnancy and related need for lactation became known to management, Ms. Torres was subjected to targeted, demeaning conduct by her direct supervisor — including a sexualized directive on camera — and was singled out for strict enforcement of workplace policies not applied to her colleagues.

9.     On or about August 19, 2025, Ms. Torres made formal internal complaints of Fulcrum's failure to engage in an interactive process related to her requests for lactation accommodations. Her employer refused to engage in any meaningful interactive process and denied her a reasonable accommodation. In response, Fulcrum continued to refuse to engage in an interactive process, and Ms. Torres was not provided an accommodation.

10.     Just six days after Ms. Torres made her complaints and accommodation request, on or about August 25, 2025, Fulcrum terminated her employment on a false and pretextual basis. In reality, Fulcrum wrongfully terminated Ms. Torres in discrimination based on her sex and pregnancy and in retaliation for her protected activity of requesting a reasonable accommodation for her pregnancy.

11.     *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Torres is a woman who was breastfeeding during her employment, a pregnancy-related condition protected under federal and Nevada law. Ms. Torres engaged in protected activity by requesting reasonable accommodations for her breastfeeding needs and complaining about discriminatory treatment.

12.     On March 23, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On March 23, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days

-3-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

of the right to sue notice.

13. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

14. *Reckless Indifference and Conscious Disregard*: Defendant Fulcrum, Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Fulcrum, Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

15. *Malice*: The conduct of Defendant Fulcrum, Inc. was committed with malice, including that (a) Defendant Fulcrum, Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Fulcrum, Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

16. *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Fulcrum, Inc. against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

17. *Fraud:* In addition, and/or alternatively, the conduct of Defendant Fulcrum, Inc., as alleged, was fraudulent, including that Defendant Fulcrum, Inc. asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

18. Further, Defendant Fulcrum, Inc. is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Fulcrum, Inc. had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**<u>FIRST CLAIM FOR RELIEF</u>**

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)**

19. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

20. Plaintiff was employed by Defendant Fulcrum, Inc., as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

21. The acts and omissions of Defendant Fulcrum, Inc., as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

22. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

23. Plaintiff charges that Defendant Fulcrum, Inc. discriminated against the Plaintiff based on her protected status or statuses.

24. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

25. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

26. The acts of Defendant Fulcrum, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

punitive and exemplary damages in an amount sufficient to punish Defendant Fulcrum, Inc., and to make an example of and deter Defendant Fulcrum, Inc. from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)**

27.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

28.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on her protected status or statuses.

29.    Plaintiff was an employee of Defendant Fulcrum, Inc., as defined by 42 U.S.C. § 2000e(b). Employers are barred from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

30.    Defendant Fulcrum, Inc. took adverse employment actions against Plaintiff because of her protected characteristics, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

31.    The discriminatory acts of Defendant Fulcrum, Inc. have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

32.    The acts of Defendant Fulcrum, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Fulcrum, Inc., and to make an example of and deter Defendant Fulcrum, Inc. from engaging in such conduct in the future.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

33. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### THIRD CLAIM FOR RELIEF

**Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.***

**(Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)**

34. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

35. Plaintiff was employed by Defendant Fulcrum, Inc.

36. The acts and omissions of Defendant Fulcrum, Inc., as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

37. Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and harass on the basis of her protected status or statuses is the type of injury prohibited by N.R.S. 613.330.

38. Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

39. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

40. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

41. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

42. Defendant Fulcrum, Inc. had a duty to prevent and promptly correct the harassing behavior. Defendant Fulcrum, Inc. breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Fulcrum, Inc. similarly breached its

duty by failing to remedy the harassment.

43.    As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

44.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Fulcrum, Inc., and to make an example of and deter Defendant Fulcrum, Inc. from engaging in such conduct in the future.

45.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

### FOURTH CLAIM FOR RELIEF

**Workplace Harassment in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)**

46.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

47.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on her protected status or statuses.

48.    Plaintiff was an employee of Defendant Fulcrum, Inc., as defined by 42 U.S.C. § 2000e(b). Employers are barred from discriminating against any person or creating an abusive or hostile work environment on the basis of a protected status as set forth in 42 U.S.C. § 2000e-2(a)(1).

49.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

50.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to

-8-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

51.    Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

52.    At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

53.    Defendant Fulcrum, Inc. had a duty to prevent and promptly correct the harassing behavior. Defendant Fulcrum, Inc. breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Fulcrum, Inc. similarly breached its duty by failing to remedy the harassment.

54.    The acts alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

55.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of their rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Fulcrum, Inc., and to make an example of and deter Defendant Fulcrum, Inc. from engaging in such conduct in the future.

56.    Plaintiff has incurred and will continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### FIFTH CLAIM FOR RELIEF

**Discrimination in Violation of the Pregnant Workers Fairness Act**

**(Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)**

57.    The allegations set forth in preceding paragraphs are re-alleged and incorporated

-9-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

herein by reference.

58. Plaintiff was an employee of Defendant Fulcrum, Inc.

59. Plaintiff experienced conditions arising out of pregnancy, childbirth, or other related medical conditions. These conditions were known physical or mental condition(s).

60. Plaintiff notified Defendant Fulcrum, Inc. of these known limitations related to her pregnancy, childbirth, and/or related medical conditions, as well as the need for reasonable accommodation for the same.

61. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

62. Plaintiff was denied employment opportunities and subjected to adverse actions by Defendant Fulcrum, Inc. because Defendant Fulcrum, Inc. was required to make reasonable accommodations for Plaintiff.

63. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

64. The acts of Defendant Fulcrum, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Fulcrum, Inc., and to make an example of and deter Defendant Fulcrum, Inc. from engaging in such conduct in the future.

65. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under 42 U.S.C. § 2000gg-2(a).

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## SIXTH CLAIM FOR RELIEF

### Failure to Accommodate in Violation of the Pregnant Workers Fairness Act

### (Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)

66.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

67.     Plaintiff was an employee of Defendant Fulcrum, Inc.

68.     Plaintiff experienced conditions arising out of pregnancy, childbirth, or other related medical conditions. These conditions were known physical or mental condition(s).

69.     Plaintiff notified Defendant Fulcrum, Inc. of these known limitations related to her pregnancy, childbirth, and/or related medical conditions, as well as the need for reasonable accommodation for the same.

70.     Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

71.     Under the Pregnant Workers Fairness Act of 2022 ("PWFA"), 42 U.S.C. § 2000gg, *et seq*., employers, including Defendant Fulcrum, Inc., are required to provide employees with reasonable accommodation(s) related to their pregnancy, childbirth, and/or related medical conditions.

72.     Defendant Fulcrum, Inc. failed to provide reasonable accommodation(s) for conditions arising out of Plaintiff's pregnancy, childbirth, or other related medical conditions.

73.     The failure of Defendant Fulcrum, Inc. to provide reasonable accommodation constitutes a violation of the PWFA.

74.     The acts of Defendant Fulcrum, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

75.     The acts of Defendant Fulcrum, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for

Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Fulcrum, Inc., and to make an example of and deter Defendant Fulcrum, Inc. from engaging in such conduct in the future.

76.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under 42 U.S.C. § 2000gg-2(a).

### SEVENTH CLAIM FOR RELIEF

**Retaliation in Violation of the Pregnant Workers Fairness Act**

**(Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)**

77.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

78.    Plaintiff was an employee of Defendant Fulcrum, Inc.

79.    Plaintiff experienced conditions arising out of pregnancy, childbirth, or other related medical conditions. These conditions were known physical or mental condition(s).

80.    Plaintiff notified Defendant Fulcrum, Inc. of these known limitations related to her pregnancy, childbirth, and/or related medical conditions, as well as the need for reasonable accommodation for the same.

81.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

82.    Employers, such as Defendant Fulcrum, Inc., are barred from taking adverse action in terms, conditions, or privileges of employment against employees on account of their requesting or using a reasonable accommodation to conditions arising out of pregnancy, childbirth, or other related medical conditions.

83.    Plaintiff requested and/or used a reasonable accommodation to conditions arising out of her pregnancy, childbirth, or other related medical conditions ("protected activity"). As a direct result of Plaintiff's protected activity, Defendant Fulcrum, Inc. took adverse action against Plaintiff, including but not limited to termination. The conduct of Defendant Fulcrum, Inc. constitutes retaliation in violation of the PWFA.

-12-

84. The retaliatory conduct of Defendant Fulcrum, Inc. has caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and has caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

85. The acts of Defendant Fulcrum, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Fulcrum, Inc., and to make an example of and deter Defendant Fulcrum, Inc. from engaging in such conduct in the future.

86. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under 42 U.S.C. § 2000gg-2(a).

**EIGHTH CLAIM FOR RELIEF**

**Discrimination in Violation of the Nevada Pregnant Workers' Fairness Act**

**(Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)**

87. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

88. Plaintiff was an employee of Defendant Fulcrum, Inc.

89. During her employment with Defendant Fulcrum, Inc., Plaintiff experienced mental or physical conditions intrinsic to pregnancy or childbirth.

90. Plaintiff notified Defendant Fulcrum, Inc. of these intrinsic condition as well as the need for reasonable accommodation for the same.

91. Plaintiff was denied employment opportunities and subjected to adverse employment actions by Defendant Fulcrum, Inc. based on the Plaintiff's need for a reasonable accommodation for her condition relating to pregnancy, childbirth or a related medical condition.

92. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and

benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

93.   The acts of Defendant Fulcrum, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Fulcrum, Inc., and to make an example of and deter Defendant Fulcrum, Inc. from engaging in such conduct in the future.

94.   Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## NINTH CLAIM FOR RELIEF

**Failure to Accommodate in Violation of the Nevada Pregnant Workers' Fairness Act**

**(Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)**

95.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

96.   Plaintiff was an employee of Defendant Fulcrum, Inc.

97.   During her employment with Defendant Fulcrum, Inc., Plaintiff experienced mental or physical conditions intrinsic to pregnancy or childbirth.

98.   Plaintiff requested Defendant Fulcrum, Inc. to provide a reasonable accommodation for her mental or physical conditions intrinsic to pregnancy or childbirth.

99.   In violation of the Nevada Pregnant Workers' Fairness Act, Defendant Fulcrum, Inc. refused to provide a reasonable accommodation to Plaintiff for her mental or physical conditions intrinsic to pregnancy or childbirth.

100.   As a direct and proximate result of the unlawful conduct of Defendant Fulcrum, Inc., Plaintiff suffered economic damages, emotional distress, and other losses in an amount to be determined at trial.

101.   Defendant Fulcrum, Inc. knowingly, willfully, and intentionally acted in conscious

-14-

disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

102.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**TENTH CLAIM FOR RELIEF**

**Failure to Engage in an Interactive Process in Violation of the Nevada Pregnant Workers' Fairness Act**

**(Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)**

103.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

104.    Plaintiff was an employee of Defendant Fulcrum, Inc.

105.    During her employment with Defendant Fulcrum, Inc., Plaintiff experienced mental or physical conditions intrinsic to pregnancy or childbirth.

106.    Plaintiff requested Defendant Fulcrum, Inc. to provide a reasonable accommodation for her mental or physical conditions intrinsic to pregnancy or childbirth.

107.    Pursuant to the Nevada Pregnant Workers' Fairness Act, Nevada employers must engage in a timely, good faith and interactive process to determine an effective, reasonable accommodation for an employee requesting such an accommodation

108.    In violation of the Nevada Pregnant Workers' Fairness Act., Defendant Fulcrum, Inc. failed to engage in a timely, good faith and interactive process.

109.    As a direct and proximate result of the unlawful conduct of Defendant Fulcrum, Inc., Plaintiff suffered economic damages, emotional distress, and other losses in an amount to be determined at trial.

110.    Defendant Fulcrum, Inc. knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to

proof at trial.

111.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**ELEVENTH CLAIM FOR RELIEF**

**Retaliation in Violation of the Nevada Pregnant Workers' Fairness Act**

**(Plaintiff Ashley Torres against Defendant Fulcrum, Inc.)**

112.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

113.    Plaintiff was an employee of Defendant Fulcrum, Inc.

114.    During her employment with Defendant Fulcrum, Inc., Plaintiff experienced mental or physical conditions intrinsic to pregnancy or childbirth.

115.    Plaintiff requested and/or used a reasonable accommodation intrinsic to pregnancy or childbirth. ("protected activity"). As a direct result of Plaintiff's protected activity, Defendant Fulcrum, Inc. took adverse employment action against Plaintiff, including but not limited to termination. The conduct of Defendant Fulcrum, Inc. constitutes retaliation in violation of the Nevada Pregnant Workers' Fairness Act.

116.    As a direct result of Plaintiff's protected activity, Defendant Fulcrum, Inc. took adverse action against Plaintiff, including but not limited to termination. The conduct of Defendant Fulcrum, Inc. constitutes retaliation in violation of the PWFA.

117.    As a direct and proximate result of the unlawful conduct of Defendant Fulcrum, Inc., Plaintiff suffered economic damages, emotional distress, and other losses in an amount to be determined at trial.

118.    Defendant Fulcrum, Inc. knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

119.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

-16-

the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.      Emotional distress damages;

3.      Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4.      For an award of reasonable attorneys' fees and costs incurred in this action;

5.      For pre-judgment and post-judgment interest, as provided by law; and

6.      For other and further relief as the Court may deem just and proper.

DATED: March 24, 2026                GREENBERG GROSS LLP


                                     By:   */s/ Jemma E. Dunn*
                                           Jemma E. Dunn
                                           Matthew T. Hale
                                           John M. Orr

                                           Attorneys for Plaintiff
                                           Ashley Torres

-17-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff Ashley Torres hereby demands a jury trial.

DATED: March 24, 2026                    GREENBERG GROSS LLP


                                         By:   */s/ Jemma E. Dunn*
                                               Jemma E. Dunn
                                               Matthew T. Hale
                                               John M. Orr

                                               Attorneys for Plaintiff
                                               Ashley Torres

-18-